UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at PIKEVILLE

CRIMINAL ACTION NO. 7:17-CR-03-KKC

UNITED STATES OF AMERICA, PLAINTIFF

V. **OPINION AND ORDER**

JERRY S. FANNIN, DEFENDANTS

\* \* \* \* \*'

This matter is before the Court on the magistrate judge's recommendation (DE 37) that the defendant be found competent to stand trial and on the defendant Jerry S. Fannin's objections to the recommendation.

The issue of Fannin's competency to stand trial was first raised by Fannin's counsel, who alleged that Fannin has experienced several stroke events that may render him unable to properly assist in his own defense. The United States concurred in the need for a competency determination but opposed Fannin's request that the examination occur in a non-custodial setting. The government moved the Court to conduct a hearing on whether the examination should be custodial or non-custodial. The magistrate judge conducted a hearing on the issue, at which the government orally moved the Court to order a psychiatric and/or psychological evaluation to be conducted in a custodial setting. The magistrate judge granted the motion and ordered an examination of Fannin to occur at a facility designated by the Attorney General, preferably FMC Lexington.

Forensic psychologist Allyson N. Wood conducted the evaluation of Fannin. In her report (DE 30), Dr. Wood states that she reviewed Fannin's medical records and administered seven psychological assessments of him, including tests designed to measure

valid and invalid responding to intellectual cognitive ability tests, the validity of memory complaints, feigned memory impairment, neuropsychological status, ability to remember information immediately after it is presented, ability to perceive spatial relations, ability to respond verbally to either naming or retrieving learned material, the capacity to remember and manipulate information in short-term memory storage, anterograde memory capacity, overall intellectual functioning, and personality and psychological functioning.

Dr. Wood noted that Fannin experienced two strokes in September and November 2016. Her report is more fully detailed in the magistrate judge's recommendation. In summary, Dr. Wood noted that Fannin's test scores indicated his "cognitive and intellectual abilities lie in the Extremely Low range." Nevertheless, she concluded that these results were "due to his apparent lack of effort and engagement throughout the evaluation period." She concluded that the test results "strongly suggest Mr. Fannin is likely malingering some memory impairment." Dr. Wood opined that, if Fannin were truly experiencing the cognitive and neurological impairments indicated by his test results, "he would not be able to attend to his activities of daily living, which were not a matter of concern while at FMC Lexington." Dr. Wood determined that, Fannin's "reported memory impairment is highly questionable as he demonstrated exaggerated memory loss."

Dr. Wood concluded that Fannin understands the charge against him and that he has the ability to consult with his attorney. She further concluded that he "is not currently suffering from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or properly assist in his defense."

The magistrate judge conducted a competency hearing on July 25, 2017, at which Dr. Woods testified consistent with her report. The Court has reviewed the audio recording of the competency hearing and Dr. Woods' report. In addition, Dr. Don Chaffin (Fannin's

treating physician), Michael Fannin (Fannin's son), and Tiffany Fannin (Fannin's wife) testified at the hearing. The magistrate judge then issued a recommendation (DE 37) finding that the Fannin's competency to stand trial had been established by a preponderance of the evidence.

Fannin objects, arguing that the magistrate judge erred in relying on Dr. Woods' testimony because she conceded at the hearing that she has no expertise on *how* strokes affect memory or motivation to respond to inquiries.

This matter is governed by 18 U.S.C. § 4241 which provides:

> If, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General.

18 U.S.C.A. § 4241(d).

The statute does not explicitly state who has the burden of proof on the issue of the defendant's competency to stand trial. The language certainly indicates it is the burden of the party raising the competency issue, requiring the Court to find by a "preponderance of the evidence" that the defendant is *in*competent. The Supreme Court has agreed with that analysis in dicta. *See Cooper v. Oklahoma*, 517 U.S. 348, 362 (1996) ("Congress has directed that the accused in a federal prosecution must prove incompetence by a preponderance of the evidence.") In an unpublished decision, however, the Sixth Circuit stated that it is the government's burden to prove the defendant is *competent* to stand trial. *See United States v. Chapple*, No. 94-508, 1995 WL 6147 at *2 (6th Cir. 1995) ("The government must demonstrate by a preponderance of the evidence that defendant is competent to stand trial.") The Court will presume that is true for purposes of this opinion.

The government has produced the uncontested report and opinion of a psychologist, Dr. Wood, who opines that Fannin is competent to stand trial. Fannin argues the government has nonetheless failed to meet its burden because Dr. Wood has no expertise on the specific issue of *how* strokes affect memory and cognitive issues. Fannin argues that, in order for the government to prove that he is competent to stand trial, he must be subjected to "a full neurological workup." Fannin points out that his treating physician, Dr. Don Chaffin, submitted a report stating that Fannin "needs an independent competency evaluation" and that Dr. Chaffin testified that Fannin needs a "full neurological workup" to determine his current status.

Dr. Chaffin, who testified that he is Fannin's close personal friend, is not a neurologist and did not treat Fannin with regard to the strokes. Further, he did not conduct any psychological or neurological examination of Fannin and testified that he is not an expert on how a particular stroke would manifest itself in an individual.

The Court assumes that Fannin argues that the government cannot prove his competency without an examination conducted by a neurologist. While the Court agrees that a neurologist may be able to provide testimony as to how or why a stroke impacts memory and cognitive abilities, such testimony is not necessary for a competency determination. The issue before the Court is whether Fannin "is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." The statute indicates that the appropriate report for the Court to consider in making this determination is a "psychiatric or psychological examination." 18 U.S.C. § 4241(b). Dr. Wood is qualified to testify as to Fannin's *current* level of understanding and mental abilities, even if she is does not have expertise to explain *why* or *how* the strokes may have affected them.

The defendant may certainly commission additional studies to be performed and may timely submit additional reports to the Court for further consideration. Based on the evidence presented at this point, however, the government has presented uncontested medical evidence of Fannin's competency to stand trial.

For these reasons, the Court hereby ORDERS as follows:

1) the magistrate judge's recommendation (DE 37) is accepted as the Court's opinion;

2) Fannin's objections to the recommendation (DE 38) are OVERRULED;

3) the Court finds by a preponderance of the evidence that the defendant, Jerry Fannin, is mentally competent to stand trial; and

4) **this matter is set for a *telephonic* scheduling conference to determine a trial date on November 21, 2017 at 3:00 p.m.** The parties are to call 888-684-8852, using access code 6823688. Please dial in a few minutes before the conference is scheduled.

Dated November 14, 2017.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY